[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Richard Silva has been accused in a two-count information of travelling unreasonably fast in violation of § 14-218a of the General Statutes and operating under the influence in violation of § 14-227a of the General Statutes. The defendant has moved to suppress any and all evidence seized from him, on the ground that his vehicle was stopped without reasonable and articulable suspicion in violation of the United States and Connecticut Constitutions.
The stop in question was done by Officer DelGrosso of the Stonington Police Department in the early morning hours of February 12, 1996, on Route 2 in Stonington. There are two distinctly different versions of the events leading up to the stop.
Officer DelGrosso testified that while he was on routine patrol, he observed a vehicle being driven at a high rate of speed on Route 2; DelGrosso made the observation while approaching the junction of Routes 1 and 2 while he (DelGrosso) was on Route 1. DelGrosso turned left onto Route 2 and followed the vehicle; he estimated that the vehicle was travelling at about sixty miles per hour. He pulled the car over and apparently made observations leading to the charge of operating under the influence. He identified the defendant, who was also charged with a violation of § 14-218a.
The defendant testified as well at the hearing on the motion to suppress. He testified that he spent some time at C.C. O'Brien's, a sports bar on Mechanic Street, left through the back door at about 1 a.m. and went to his car in the back parking lot. He noticed a marked police car across the back parking lot, though he did not notice a particular officer. The police car followed him out of the parking lot. The defendant turned right from the parking lot onto Mechanic Street, left on Route 1, and right onto Route 2, where he was stopped by a police car. There were times at the beginning of the trip when he lost sight of the police car. He testified that before he CT Page 4213-BB was stopped, he was travelling a little over the limit, but didn't think he had to be pulled over.
Daniel Marks, a friend of the defendant, testified that he was with the defendant at the sports bar and saw what he thought was a police car leave the parking lot very shortly after the defendant left.
Officer DelGrosso, called again by the State, testified that he had not parked in the parking lot, and in fact, had approached the junction of Routes 1 and 2 from the opposite direction. He thought it was possible that another officer could have been in the parking lot of the sports bar, but he did not appear to think it very likely.
For the purpose of determining whether the stop was lawful, it makes no difference which version is believed. Either way, there was probable cause to believe that just before the stop the defendant's car was exceeding a speed limit and therefore prima facie evidence of an infraction.[1] See § 14-218a. This is not, strictly speaking, a Terry[2] stop, where there may be less than probable cause that a crime has been committed but reasonable, articulable suspicion justifying a brief, investigatory detention. Because there was probable cause to stop the vehicle for the violation of § 14-218a,[3] the motion to suppress is denied.[4]
Beach, J.